SIMS CONSTRUCTION CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9717. Promulgated January 24, 1928.

*Ten Eyck R. Beardsley, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

ARUNDELL: In this proceeding the petitioner seeks a redetermination of its income and profits tax for the year 1919, for which the Commissioner has declared a deficiency of $1,602.66. As errors, the petitioner alleges the denial of personal service classification and the inclusion in gross income for the year 1919 of amounts earned during the year 1918.

### FINDINGS OF FACT.

The petitioner was organized in October, 1918, by Charles A. Sims and Charles H. Snyder under the laws of Delaware. Its board of directors on November 15, 1918, authorized the distribution of 980 of its 1,000 shares of stock, par value $50, to Charles A. Sims, president, and Charles H. Snyder, secretary and treasurer, or their nominees and the balance to other incorporators, or their assigns, in exchange for certain contracts alleged to have been held by Sims and Snyder for furnishing cinders and other filling material. Sims had 495 shares issued to his wife, Julia W. Sims, in order to place the stock beyond the reach of his creditors and 480 shares were issued in the name of Michael A. Maloney, vice president and attorney for the petitioner, as trustee for Charles A. Sims and Charles H. Snyder to collect dividends and pay them over to George W. Snyder, brother of Charles H. Snyder, to whom they were indebted for personal loans. One share was also issued to Charles A. Sims. The record does not show to whom the remainder of the stock was issued. The contracts exchanged for stock did not in fact exist, and no money or other consideration was paid by any of the stockholders for the stock issued to them.

The petitioner's working capital at the commencement of business in November, 1918, consisted of from $1,500 to $2,000 borrowed from George W. Snyder.

The business of the petitioner consisted of the acquisition by gift or purchase at $5 per carload, of cinders and ashes, and the sale of the material, principally to the Pennsylvania Railroad, at $10 per carload. It was obliged to pay for about 25 per cent of the material it sold. The petitioner performed no services in connection with the loading, transportation, unloading or delivery of the material sold by it and did not pay the freight on any shipments transported by railroad.

Aside from a stenographer, and Michael A. Maloney, who was employed as counsel, for which he was paid a fee, Charles H. Snyder and Charles A. Sims performed all of the work necessary for the operation of the business. Until he resigned on July 24, 1919, Snyder devoted all of his time to corporate affairs. With the excep-

tion of stenographic duties, he performed all of the office work and negotiated for the acquisition and sale of material, for which he was paid a monthly salary of $200. Sims devoted such time to the conduct of the petitioner's business as was necessary and received as compensation $300 per month. After May or June, 1919, he gave part of his time to the affairs of the Sims Contracting Co.

Some material was acquired and sold in 1918, but the petitioner was not paid until the following year. Only a small amount of business was transacted after March, 1919, and operations ceased entirely on July 24, 1919. In June or July, 1919, the interested parties decided to liquidate the corporation, and all the cash on hand, except about $50, was paid to the stockholders. Of the amount distributed, George W. Snyder received 50 per cent or $1,875 on account of the stock Maloney was holding for Charles A. Sims and Charles H. Snyder, and in that year Julia W. Sims returned a like sum as dividends received from the petitioner. After July 24, 1919, Charles A. Sims owned and held all of the petitioner's stock.

Aside from cash on hand, a typewriter and its books, the petitioner had no assets. The record does not disclose whether the petitioner kept its books on the cash receipts and disbursements or the accrual basis.

The petitioner made a tentative return on March 15, 1920, for the calendar year 1919 and a final return on May 12, 1920, for the period commencing November 10, 1918, and ending December 31, 1919. The final return does not show what part of the total receipts and expenses was received and paid or accrued in the year 1918.

*Judgment will be entered for the respondent.*